UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY A. HURD,

                      Petitioner,                    Case No. 2:18-cv-10838
                                                            Hon. Nancy G. Edmunds

ERICA HUSS,

                      Respondent.
_____/

**OPINION AND ORDER (1) GRANTING RESPONDENT'S MOTION TO DISMISS [Dkt. 17], (2) DENYING PETITIONER'S MOTIONS TO STAY PROCEEDINGS [Dkts. 9 and 16], (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) GRANTING PERMISSION TO APPEAL IN FORMA PAUPERIS**

Tony A. Hurd, ("Petitioner"), a Michigan Department of Corrections prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition challenges Petitioner's Wayne Circuit Court jury trial conviction for first-degree murder, MICH. COMP. LAWS § 750.316, four counts of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and felon in possession of a firearm. MICH. COMP. LAWS § 750.224f. Petitioner was sentenced to life imprisonment for the murder conviction, 25 to 40 years for the assault convictions, and 2 to 5 years for the firearm conviction.

The petition raises four claims: (1) Petitioner's trial counsel was ineffective for failing to adequately investigate the case, (2) trial counsel denied Petitioner's right to testify in his own defense, (3) trial counsel failed to inform Petitioner of his right to present his own defense, and (4) trial counsel was ineffective for failing to object to the closure of the courtroom during jury selection.

This matter is before the Court on Respondent's motion to dismiss the petition as untimely filed. Dkt. 17. Petitioner filed a reply to the motion, admitting that the petition was filed after

expiration of the one-year limitations period, but asserting that the delay was a result of his appellate counsel's bad advice and his being housed in administrative segregation. Dkt. 19.

Petitioner also filed two motions to stay the case, seeking an order holding the case in abeyance while he pursues state post-conviction review with respect to his habeas claims. Dkts. 9 and 16.

The Court will grant Respondent's motion and dismiss the case because Petitioner failed to comply with the one-year limitations period under 28 U.S.C. §2244(d), and he has failed to demonstrate entitlement to equitable tolling. The Court will also deny Petitioner's motions for stay as moot, deny a certificate of appealability, but grant permission to proceed on appeal in forma pauperis.

I. Background

The Michigan Court of Appeals described the facts of Petitioner's case as follows:

> Defendants' convictions arise from a January 2008 shooting incident in the city of Detroit during which shots were fired into a Jeep Commander occupied by five individuals: Davon Perry, his younger brother Rayvon Perry, and three teenage female passengers, Dominique Spillman, Tiffany Whatley, and Martha Barnett. Martha Barnett died from gunshot wounds to her head and back. None of the occupants of the Commander were able to identify any of the shooters. The principal evidence against defendants was the testimony of Rayvon Perry. Rayvon testified that he knew both defendants and saw them at a "hang-out" house later on the day of the shooting. According to Rayvon, defendant Rogers admitted to him that he and another person, DeAndre Woolfolk, shot at the Commander from a car driven by defendant Hurd. Rogers explained that they "messed up" by shooting at ¶¶the wrong vehicle. Rayvon stated that Hurd nodded in a manner expressing his agreement with Rogers's statements, and Hurd also stated that he drove away from the shooting when a burglar alarm in a nearby store was activated. Rayvon did not initially disclose this information to the police, but eventually revealed it in response to the prosecutor's investigative subpoena.

*People v. Hurd*, 2010 WL 3062119, at *1 (Mich. Ct. App. Aug. 5, 2010).

On direct appeal Petitioner's appointed counsel, Michael McCarthy, raised three claims: (1) Petitioner's was denied a fair trial by the admission of inflammatory photographs, (2)

2

insufficient evidence was presented to support Petitioner's convictions, and (3) Petitioner's sentence was cruel and unusual.

Petitioner states he informed McCarthy that he also wished to raise claims of ineffective assistance of trial counsel, but McCarthy refused to do so because Petitioner's trial counsel was a "law school and college buddy." Dkt. 19, Affadavit ¶ 2-5. Petitioner further states that McCarthy informed him "that the Michigan Court System was his only avenue of appealing his conviction." Id. ¶ 6. McCarthy told Petitioner that "he really didn't need to worry about his appeals as he had nothing coming. Regardless if he was guilty or not, he should just concentrate on doing his life bit." Id. ¶ 9. Petitioner asserts that based on his conversations with McCarthy, he believed that "after the Michigan Supreme Court denied leave to appeal, that this conviction was final. That he had no other relief to seek from any court." Id. ¶ 10.

On August 5, 2010, the Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. Petitioner filed a pro se application for leave to appeal in the Michigan Supreme Court that raised the same claims he presented to the Michigan Court of Appeals. On February 2, 2011, the Michigan Supreme Court denied the application for leave to appeal. *People v. Hurd*, 793 N.W.2d 236 (Mich. 2011) (Table).

After the decision by the Michigan Supreme Court, Petitioner asserts that "the reality of life without the possibility of parole set in on [him], and he started to lose his mental faculties. [Petitioner] went into a deep cycle of depression and aggression and subsequently spent the next 6 ½ years in long term administrative segregation. Throughout the next 6 ½ years of isolation from 99% of everyone, friends, family other inmates, most staff, etc.." Dkt. 19, Brief at 3. Petitioner states that "[i]t was only after meeting with someone recently from the Michigan Department of

Corrections Legal Writer program that I found out I had a possibility of filing my habeas." Id. at 3.

Petitioner describes the process by which he drafted his petition: "[Petitioner] in his own hand, wrote the entire filing from administrative segregation, where he had been for 6 years at the time of filing and had been on 24-hour lockdown for the last 4 years of that. [Petitioner] sought help from anyone that would hear him as he would yell out legal questions. He would take notes, write the legal writers for advice, request law books." Id. at 3. Finally, Petitioner states that he is a high-school drop-out and is computer illiterate. Id. at 4.

Petitioner signed and dated his habeas petition March 6, 2018, and it was filed on March 13, 2018.

## II. Standard of Review

Though Respondent styles his motion as a motion to dismiss, it is properly construed as one of summary judgment because the motion and the record before the Court includes documents outside of the pleadings. See e.g., *Anderson v. Shane Place*, 2017 U.S. Dist. LEXIS 65670, *6, 2017 WL 1549763 (E.D. Mich. May 1, 2017).

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In considering a motion for summary judgment, the Court will construe all facts in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). There are no genuine issues of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Id*. If the movant carries its burden of showing an absence of evidence to support a claim, then the non-movant must demonstrate by affidavits, depositions, answers to interrogatories and admissions that a genuine issue of material fact exists. *Celotex Corp.*

*v. Catrett*, 477 U.S. 317, 324-325 (1986). This standard of review may be applied to habeas proceedings. See *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

III. Discussion

There is a one-year statute of limitation for habeas petitions filed by state prisoners seeking federal habeas relief. 28 U.S.C. § 2244(d)(1). The limitation runs from one of four specified dates, usually either the day when the judgment becomes final by the conclusion of direct review or the day when the time for seeking such review expires. § 2244(d)(1)(A). The limitation period is tolled while "a properly filed application for State post-conviction or other collateral review . . . is pending." § 2244(d)(2).

Section 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured in this case. Under this section, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Here, the expiration of time for seeking direct review under this section was May 3, 2011 - 90 days after the Michigan Supreme Court denied Petitioner's application for leave to appeal on February 2, 2011. The limitations period expired one year later, on May 3, 2012. Petitioner signed and dated his habeas petition on March 6, 2018, nearly six years after the one-year limitations period had already expired.

Petitioner does not contest this calculation. Instead, he argues that he is entitled to equitable tolling due to the misadvise of his appellate counsel and his placement in administrative segregation. A petitioner is entitled to equitable tolling if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

5

The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

Petitioner first asserts that his counsel advised him that he had no avenue of appellate relief after the Michigan Supreme Court ruled on his direct appeal. Bad faith, dishonesty, and divided loyalty by counsel *can* meet the extraordinary circumstance element for equitable tolling. *Holland*, 560 U.S. at 649; *Cadet v. Florida Department of Corrections*, 853 F.3d 1216, 1236 (11th Cir. 2017). For example, an attorney's outright deception in convincing a petitioner that he has filed a habeas petition or motion for postconviction relief is a circumstance that may warrant equitable tolling. *U.S. v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002).

The type of misadvise alleged by Petitioner here, however, does not present the type of extraordinary circumstance that justifies the nearly six-year delay in filing the petition. An attorney's failure to inform a habeas petitioner of the time limit applicable to habeas petitions does not provide an exceptional circumstance warranting equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *McSwain v. Davis*, 287 F. App'x. 450, 457 (6th Cir. 2008); *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (rejecting the argument that the petitioner was entitled to equitable tolling based on his attorney's mistake in calculating the limitations period). Petitioner's counsel had no obligation to inform Petitioner about the availability of federal habeas review at all, and Petitioner's resulting ignorance does not excuse six years of inaction. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (ignorance of the law, including existence of AEDPA, insufficient to warrant tolling); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999) (petitioner's unfamiliarity with the legal process does not merit equitable tolling; his unfamiliarity due to illiteracy or any other reason is irrelevant). Moreover, the fact that Petitioner is untrained in the law and may have been personally ignorant of the consequences of his inaction is insufficient to

establish entitlement to equitable tolling. See *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements).

Petitioner also asserts that his placement in administrative segregation made it difficult for him to learn about the availability of federal habeas review and hampered his ability to prepare his habeas petition after he became aware of the procedure. The Sixth Circuit, however, has ruled that an inmate who is placed in administrative segregation without access to legal materials is not entitled to equitable tolling. See *Scott v. Kelly*, 2011 WL 127357, at *2 (N.D. Ohio Jan. 14, 2011) (citing *Price v. Jamrog*, 79 F. App'x 110, 112 (6th Cir. 2003) (citing *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001). Petitioner does not assert that his placement in administrative segregation was the result of anything other than his own misbehavior. It was not an extraordinary circumstance beyond his control, and therefore he cannot rely on it as a ground for equitable tolling.

The one-year statute of limitations may also be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo*, 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). To prevail under this standard a habeas petitioner must present the Court with new, reliable evidence not presented at trial to establish that he is actually innocent of the crime. See *Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id*. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup*, 513 U.S., at 329). Petitioner has not attempted to present the Court with new reliable evidence indicating his actual innocence.

Accordingly, the Court will grant Respondent's motion for summary judgment and dismiss the petition because it was filed after expiration of the one-year statute of limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling.

Finally, Petitioner has filed two motions to stay the case so that he can return to the state courts and present his unexhausted habeas claims. Because Petitioner is time-barred from seeking federal habeas relief on his unexhausted claims, his motions to stay the case while he pursues state post-conviction relief are denied as moot. See *Clark v. Burton*, 2017 U.S. Dist. LEXIS 53383, *10, 2017 WL 1295547 (E.D. Mich. April 7, 2017).

### IV. Certificate of Appealability

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not debate the Court's procedural ruling. A certificate of appealability will therefore be denied.

Leave to appeal in forma pauperis is granted because an appeal of this order could be taken in good faith. 18 U.S.C. § 1915(a)(3).

## V. Order

For the foregoing reasons, **IT IS ORDERED** that Respondent's motion for summary judgment is **GRANTED**, and the petition is **DISMISSED.**

**IT IS FURTHER ORDERED** that Petitioner's motions to stay the petition are **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that permission for leave to appeal in forma pauperis is **GRANTED.**

s/ Nancy G. Edmunds
Hon. Nancy G. Edmunds
United States District Judge

Dated: February 6, 2019